| | |
|---|---|
| Susan M. Krumplitsch (Cal. Bar # 241016) | Peter S. Marguiles (*pro hac vice* pending) |
| DLA Piper LLP (US) | Roger Williams University School of Law[1] |
| 2000 University Avenue | 8 Henry Dr. |
| East Palo Alto, California 94303 | Barrington, RI 02806 |
| T: (650) 833-2000 | T: (401) 254-4564 |
| F: (650) 687-1230 | pmargulies@rwu.edu |
| susan.krumplitsch@us.dlapiper.com | |
| | |
| Ellen Scordino (*pro hac vice* pending) | Shoba Sivaprasad Wadhia (*pro hac vice* pending) |
| DLA Piper LLP (US) | Penn State Law[1] |
| 33 Arch Street, 26th Floor | Lewis Katz Building |
| Boston, MA 02110-1447 | University Park, PA 16802 |
| T: (617) 406-6085 | T: (814) 865-3823 |
| F: (617) 406-6195 | ssw11@psu.edu |
| ellen.scordino@us.dlapiper.com | |

*Amicus Curiae Immigration Law Professors*
Additional Attorneys listed in Signature

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO

| | |
|---|---|
| PANGEA LEGAL SERVICES, *et al.*, | Case No.: 3:20-cv-7721 SI |
| Plaintiffs, | Honorable Susan Illston |
| vs. | **OPPOSED ADMINISTRATIVE MOTION FOR LEAVE TO FILE BRIEF OF IMMIGRATION PROFESSORS AS AMICI CURIAE IN SUPPORT OF PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER** |
| U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*, | |
| Defendants. | |

Amici Curiae hereby move to file the attached Brief of Immigration Professors as Amici Curiae in Support of Plaintiffs' Motion for a Temporary Restraining Order. Amici Curiae are immigration law scholars who teach at institutions of higher education.

---

[1] Filed in individual capacity. University affiliation for identification only.

Amici Curiae consist of:

| | |
|---|---|
| David Baluarte<br>Washington & Lee School of Law | Jennifer M. Chacón<br>UCLA School of Law |
| Marisa S. Cianciarulo<br>Chapman University Fowler School of Law | Michael J. Churgin<br>University of Texas at Austin School of Law |
| Gabriel J. Chin<br>UC Davis School of Law | Ingrid Eagly<br>UCLA School of Law |
| Stella Burch Elias<br>University of Iowa College of Law | Kate Evans<br>Duke University School of Law |
| Maryellen Fullerton<br>Brooklyn Law School | Denise L. Gilman<br>University of Texas at Austin School of Law |
| Lindsay M. Harris<br>UDC David A. Clarke School of Law | Margaret Hu<br>Penn State Law |
| Elizabeth Keyes<br>University of Baltimore School of Law | Peter Margulies<br>Roger Williams University School of Law |
| M. Isabel Medina<br>Loyola University New Orleans College of Law | Jennifer Moore<br>University of New Mexico School of Law |
| Michael A. Olivas<br>University of Houston Law Center | Shoba Sivaprasad Wadhia<br>Penn State Law |
| Michael J. Wishnie<br>Yale Law School | Stephen Yale-Loehr<br>Cornell Law School |

Amici Curiae sought the consent of the parties to file this amicus brief unopposed. Plaintiffs have consented to Amici Curiae's motion. Defendants have not consented to Amici Curiae's motion and stated as followed: "The government opposes this request because the proposed amicus brief is being filed the same day the government's brief is due under the truncated briefing schedule the parties negotiated, leaving the government no opportunity to respond, should a response be warranted. Should the Court grant the motion, the government reserves the right to seek leave to respond to any new arguments, if warranted." Plaintiffs have informed Amici Curiae that Plaintiffs indicated to Defendants that Plaintiffs would agree to a short sur-reply from Defendants limited to addressing Amici Curiae's arguments.

"District courts frequently welcome amicus briefs from non-parties concerning legal issues that have potential ramifications beyond the parties directly involved or if the amicus has 'unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide.'" *Sonoma Falls Developers v. Nevada Gold Casinos, Inc.*, 272 F. Supp. 2d 919, 925 (N.D. Cal. 2003) (*quoting Cobell v. Norton,* 246 F. Supp.2d 59, 62 (D DC 2003)); *see also Woodfin Suite Hotels, LLC v. City of Emeryville,* No. C 06-1254 SBA, 2007 WL 81911, at *3 (N.D. Cal. Jan. 9, 2007) ("Whether to allow Amici to file a brief is solely within the Court's discretion, and generally courts have exercised great liberality" in permitting amicus briefs) (internal quotations omitted).

"The 'classic role' of amicus curiae is to assist a court in a case of public interest by 'supplementing the efforts of counsel, and drawing the court's attention to law that escaped consideration.'" *California v. U.S. Dep't of the Interior*, 381 F. Supp. 3d 1153, 1163-64 (N.D. Cal. 2019) (*quoting Miller-Wohl Co. v. Comm'r of Labor & Indus. State of Mont.,* 694 F.2d 203, 204 (9th Cir. 1982)). "There are no strict prerequisites that must be established prior to qualifying for amicus status; an individual seeking to appear as amicus must merely make a showing that his participation is useful or otherwise desirable to the court." *Id.* at 1164. An amicus brief is appropriate so long as the scope is "limited to the issues raised by the parties." *Id.*; *see also Citizens Against Casino Gambling in Erie Cty. v. Kempthorne,* 471 F.Supp.2d 295, 311 (W.D.N.Y. 2007) ("*Amicus* participation goes beyond its proper role if the submission is used to present wholly new issues not raised by the parties.").

Amici Curiae respectfully requests that this Court exercise its broad discretion in granting leave for this amicus brief. Amici Curiae have produced extensive scholarship concerning numerous aspects of immigration law, including its intersections with criminal, statutory interpretation, and constitutional law. Many of the Amici Curiae have also represented noncitizens with criminal convictions in their immigration proceedings and, therefore, have experience concerning the practical application of immigration law. Amici Curiae have collectively studied the implementation and history of the Immigration and Nationality Act (INA), the Refugee Act, and the asylum provision of 8 U.S.C. § 1158 for decades and have written extensively on those

topics. Amici Curiae accordingly have an abiding interest in the proper interpretation and administration of the Nation's asylum provisions. Moreover, Amici Curiae's brief would serve as a valuable supplement to the party's briefing and provide important context on the asylum provisions subject to the instant motion. Amici Curiae's proposed brief could aid this Court's consideration by placing the current dispute in the broader context and history of relevant immigration statutes.

Therefore, Amici Curiae respectfully request that this Court grant leave to file the amicus brief.

*/s/ Susan M. Krumplitsch*
Susan M. Krumplitsch (Cal. Bar # 241016)
DLA Piper LLP (US)
2000 University Avenue
East Palo Alto, California 94303
T: (650) 833-2000
F: (650) 687-1230
susan.krumplitsch@us.dlapiper.com

-and-

Ellen Scordino (*pro hac vice* pending)
DLA Piper LLP (US)
33 Arch Street, 26th Floor
Boston, MA 02110-1447
T: (617) 406-6085
F: (617) 406-6195
ellen.scordino@us.dlapiper.com

-and-

Cameron A. Fine (*pro hac vice* to be filed)
DLA Piper LLP (US)
2525 East Camelback Road, Suite 1000
Phoenix, AZ 85016-4232
T: (480) 606-5132
F: (480) 606-5533
cameron.fine@us.dlapiper.com

-and-

Adam J. Pié (*pro hac vice* to be filed)
The Marbury Building
6225 Smith Avenue

Baltimore, Maryland 21209-3600
T: (410) 580-4791
F: (410) 580-5406
adam.pie@us.dlapiper.com

-and-

Peter S. Marguiles (*pro hac vice* pending)
Roger Williams University School of Law
8 Henry Dr.
Barrington, RI 02806
T: (401) 254-4564
pmargulies@rwu.edu

-and-

Shoba Sivaprasad Wadhia (*pro hac vice* pending)
Penn State Law
Lewis Katz Building
University Park, PA 16802
T: (814) 865-3823
ssw11@psu.edu

*Amicus Curiae Immigration Law Professors*