# EXHIBIT G

# PUBLIC SUBMISSION

**As of:** January 23, 2020
**Received:** January 18, 2020
**Status:** Posted
**Posted:** January 21, 2020
**Tracking No.** 1k4-9eid-af3e
**Comments Due:** January 21, 2020
**Submission Type:** Web

**Docket:** EOIR-2019-0005
Procedures for Asylum and Bars to Asylum Eligibility

**Comment On:** EOIR-2019-0005-0001
Procedures for Asylum and Bars to Asylum Eligibility

**Document:** EOIR-2019-0005-0304
Comment on FR Doc # 2019-27055

## Submitter Information

**Name:** Andrew Bahr
**Address:**
    14416 Jefferson Davis highway Ate. 12
    Woodbridge, VA, 22191
**Email:** drew@lawofficehh.com
**Phone:** 5714927484

## General Comment

I oppose the proposed rule changes because they would be cruel to American citizen children, would violate the spirit of America's international obligations under the 1951 UN Refugee Convention, and would be ineffective at increasing public safety.

Asylum, unlike withholding of removal, allows for derivative beneficiaries in the United States to gain status as well as for derivatives to follow to join their relatives in the United States. As an immigration lawyer, I have seen many cases in which a couple's children born in the United States (I.e American citizen children) would lose one of their parents to removal under the proposed rule changes because one spouse does not have a legally cognizable particular social group while the first spouse does.

The effect of this proposed rule change would therefore be to deport fathers and mothers from the United States and rip apart American families because of a single DUI conviction or a single fight at home, a result which is clearly not in the best interests of these children. The American-born children of these mothers and fathers would have less financial support and be more likely to depend on government aid in addition to being traumatized by the (likely permanent) loss of a parent in their lives under the proposed rule changes.

Second, the proposed rule changes would also violate the spirit of America's international obligations under the 1951 UN refugee convention, which states under Article I that asylum will not be granted to persons who have "committed a crime against peace, a war crime, or a crime against humanity, as defined in the international instruments drawn up to make provision in respect of such crimes." While the 1951 Convention does not specifically prohibit the proposed rule changes, these changes are certainly outside the scope of the crimes against peace, war crimes, and crimes against humanity mentioned in the Convention and therefore weaken

America's international reputation as a country that upholds its promises in spirit as well as in fact.

Lastly, the proposed rule changes would be ineffective at increasing public safety because withholding of removal, unlike asylum, cannot be denied under discretionary rules. Withholding of removal, like asylum, grants indefinite stay in the United States. The effect of the proposed rule changes, therefore, is to punish the families of perpetrators and not the perpetrators themselves.

On behalf of myself, my asylum-seeking friends, and my clients please do not adopt this proposed rule.