JEFFREY BOSSERT CLARK
*Acting Assistant Attorney General*
WILLIAM C. PEACHEY
*Director*
EREZ REUVENI
*Assistant Director*
Office of Immigration Litigation
U.S. Department of Justice, Civil Division
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel: (202) 307-4293
Email: Erez.R.Reuveni@usdoj.gov
PATRICK GLEN
CHRISTINA GREER
*Senior Litigation Counsel*
CRAIG NEWELL
*Trial Attorney*

Naomi Igra, SBN 269095
naomi.igra@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: +1 415 772 1200
Facsimile: +1 415 772 7400

*Counsel for plaintiffs*

(Additional counsel listed on signature page)

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| Pangea Legal Services, *et al.*, | ) |
| Plaintiffs, | ) |
| v. | ) Civil Action No. 3:20-cv-7721 |
| U.S. Dept. of Homeland Security, *et al.*, | ) |
| Defendants. | ) |

## JOINT STATEMENT ON FURTHER BRIEFING

# INTRODUCTION

Pursuant to this Court's order dated November 19, 2020, ECF 69 at 47, the parties hereby file this joint statement describing the parties' respective positions on how to proceed in the litigation on the motion for preliminary injunction.

## I. Plaintiffs' Position

Plaintiffs respectfully request that, before converting the existing TRO into a preliminary injunction,[1] the Court order additional briefing limited to the issues raised in Plaintiffs' complaint and motion papers that the Court has not yet addressed. In particular, the Court expressly "reserve[d] ruling" on whether Plaintiffs have shown a likelihood of success on their claim that the Rule violates the Regulatory Flexibility Act, noting that the parties "may wish to augment the record in this regard, including to establish any factual predicate needed to show that plaintiffs are 'small entities' within the meaning of the statute and any applicable regulations." Order Granting Pls.' Mot. for TRO at 38. The Court also "reserve[d] ruling on the question of whether the Rule improperly fails to include a federalism impact statement or certification." *Id.*

Briefing limited to the unaddressed issues will aid the court of appeals if Defendants appeal the preliminary injunction (as the Government has done in similar cases). The Ninth Circuit would benefit from this Court's analysis of the outstanding issues, which may affect the scope of relief if the court of appeals agrees with this Court on some issues but not others. And because additional briefing would be limited to those issues, the added time and effort involved will be minimal.

Plaintiffs request the following schedule for this limited additional briefing, which complies with the timeline in the Court's order to show cause:

Plaintiffs' brief: Midnight PST, Saturday, November 28.

Defendants' brief: Midnight PST, Friday, December 4.

Plaintiffs request that this briefing be limited to issues not decided in the Court's order granting the TRO, and that each side's brief be limited to 15 pages. Plaintiffs would be pleased to present oral argument on these issues if the Court would find it helpful, but would also be happy for the Court to rule on the papers.

---

[1] Plaintiffs do not agree with Defendants' assertions below that the current TRO already is functionally a preliminary injunction or that it is "indefinite."

## II. Defendants' Position

Defendants consent to the conversion of the TRO into a preliminary injunction, and so no further briefing is necessary. As many courts have noted, the standards for a temporary restraining order and preliminary injunction are the same. *See, e.g.*, *Quiroga v. Chen*, 735 F. Supp. 2d 1226, 1228 (D. Nev. 2010); *Cal. Indep. Sys. Operator Corp. v. Reliant Energy Servs., Inc.*, 181 F. Supp. 2d 1111, 1126 (E.D. Cal. 2001). The Court's order already functions procedurally as a preliminary injunction, as it is set for an indefinite time, and goes beyond the 14-day period that Federal Rule of Civil Procedure 65 allows for a temporary restraining order. Thus, this Court's preliminary-injunction order is not likely to substantially differ from its temporary restraining order regarding the issues on which it already ruled. Nor does a party need to receive relief on all of its claims. A temporary restraining order or preliminary injunction on one ground suffices to enjoin the defendant's activity. Any additional arguments can be dealt with at the summary-judgment stage in this APA record-review case. Thus, it would be a waste of the parties' and this Court's resources to have supplemental briefing and argument when the government—the party that would be bound by the injunction—is willing to consent to it. Indeed, other courts have converted temporary restraining orders into preliminary injunctions when the defendants consent. *See, e.g.*, *N. Face Apparel Corp. v. TC Fashions, Inc.*, No. 05 CIV. 9083 (RMB), 2006 WL 838993, at *2 (S.D.N.Y. Mar. 30, 2006); *USI Ins. Servs., LLC v. Lockton Companies, LLC*, No. 8:17-CV-2895-T-33TGW, 2017 WL 8948392, at *2 (M.D. Fla. Dec. 6, 2017) (denying a TRO and considering the motion as one for preliminary injunction on defendants' request).

In the alternative, if this Court were to grant the Plaintiffs' request for additional briefing, the government agrees to Plaintiffs' proposed deadlines but respectfully requests that each side's briefing is limited to 10 pages and to the issues on which Plaintiffs moved in their joint motion for temporary restraining order and preliminary injunction.

| | | |
|---|---|---|
| 1 | November 23, 2020 | Respectfully submitted, |
| 2 | Naomi A. Igra, SBN 269095 | JEFFREY BOSSERT CLARK |
|   | naomi.igra@sidley.com | Acting Assistant Attorney General |
| 3 | SIDLEY AUSTIN LLP | |
|   | 555 California Street, Suite 2000 | |
| 4 | San Francisco, CA 94104 | WILLIAM C. PEACHEY |
|   | Phone: +1 415 772 1200 | Director |
| 5 | Fax: +1 415 772 7400 | |
|   | | By: /s/ Erez Reuveni |
| 6 | Tobias S. Loss-Eaton (*pro hac vice*) | EREZ REUVENI |
|   | tlosseaton@sidley.com | Assistant Director |
| 7 | Chike B. Croslin (*pro hac vice*) | Office of Immigration Litigation |
|   | ccroslin@sidley.com | U.S. Department of Justice, Civil Division |
| 8 | Alice A. Wang (*pro hac vice*) | P.O. Box 868, Ben Franklin Station |
|   | alice.wang@sidley.com | Washington, DC 20044 |
| 9 | SIDLEY AUSTIN LLP | Tel: (202) 307-4293 |
|   | 1501 K Street, N.W. | Email: Erez.R.Reuveni@usdoj.gov |
| 10 | Washington, D.C. 20005 | |
|   | Phone: +1 202 736 8000 | |
| 11 | Fax: +1 202 736 8711 | PATRICK GLEN |
|   | | CHRISTINA GREER |
| 12 | Jack W. Pirozzolo (*pro hac vice*) | Senior Litigation Counsel |
|   | jpirozzolo@sidley.com | |
| 13 | Kenyon C. Hall (*pro hac vice*) | CRAIG NEWELL |
|   | kenyon.hall@sidley.com | Trial Attorney |
| 14 | SIDLEY AUSTIN LLP | |
|   | 60 State Street, 36th Floor | *Attorneys for Defendants* |
| 15 | Boston, MA 02109 | |
|   | Phone: +1 617 223 0300 | |
| 16 | Fax: +1 617 223 0301 | |
| 17 | | |
|   | Sirine Shebaya (*pro hac vice*) | |
| 18 | sirine@nipnlg.org | |
|   | Cristina Velez* | |
| 19 | *Not admitted in DC; working remotely from | |
|   | and barred in New York | |
| 20 | cristina@nipnlg.org (*pro hac vice*) | |
|   | NATIONAL IMMIGRATION PROJECT OF | |
| 21 | THE NATIONAL LAWYERS GUILD | |
|   | 2201 Wisconsin Avenue N.W., Suite 200 | |
| 22 | Washington, D.C. 20007 | |
|   | Phone: +1 202 656 4788 | |
| 23 | Fax: +1 617 227 5495 | |
| 24 | | |
|   | Sabrineh Ardalan (*pro hac vice*) | |
| 25 | sardalan@law.harvard.edu | |
|   | Philip L. Torrey (*pro hac vice*) | |
| 26 | ptorrey@law.harvard.edu | |
|   | Sameer Ahmed, SBN 319609 | |
| 27 | sahmed@law.harvard.edu | |
|   | HARVARD LAW SCHOOL | |
| 28 | HARVARD IMMIGRATION AND REFUGEE | |
|   | CLINICAL PROGRAM | |

JOINT STATEMENT ON FURTHER BRIEFING
*Pangea Legal Services v. DHS*, No. 3:20-cv-7721

6 Everett Street, WCC 3103
Cambridge, MA 02138
Phone: +1 617 384 7504
Fax: +1 617 495 8595

Leila Kang (*pro hac vice*)
leila@immdefense.org
Nabilah Siddiquee (*pro hac vice*)
nabilah@immdefense.org
IMMIGRANT DEFENSE PROJECT
40 W. 39th Street, Fifth Floor
New York, NY 10018
Phone: +1 646 762 8428

*Attorneys for Plaintiffs*

# CERTIFICATE OF SERVICE

I hereby certify that on November 23, 2020, I electronically filed the foregoing document with the Clerk of the Court for the United States Court of for the Northern District of California by using the CM/ECF system. Counsel in the case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

By: */s/ Erez Reuveni*
EREZ REUVENI
Assistant Director
United States Department of Justice
Civil Division