UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PANGEA LEGAL SERVICES, et al., <br><br> Plaintiffs, <br><br> v. <br><br> U.S. DEPARTMENT OF HOMELAND SECURITY, et al., <br><br> Defendants. | Case No. 20-cv-07721-SI <br><br> **ORDER CONVERTING TRO TO PRELIMINARY INJUNCTION; SETTING STATUS CONFERENCE** |

On November 19, 2020, the Court granted plaintiffs' motion for a temporary restraining order ("TRO"). Dkt. No. 69. The TRO enjoined "Defendants and their officers, agents, servants, employees, and attorneys, and any other person or entity subject to their control or acting directly or indirectly in concert or participation with Defendants, from implementing or enforcing the rule titled Procedures for Asylum and Bars to Asylum Eligibility, 85 Fed. Reg. 67202 (Oct. 21, 2020) ('the Rule')." *Id.* at 46. The Court ordered that the TRO be effective immediately and that it would remain in effect until further order of the Court. *Id.* The Court also set a date for a preliminary injunction hearing and ordered that the parties submit a briefing schedule no later than November 23, 2020. *Id.* at 47.

The parties have submitted their statement regarding the preliminary injunction schedule. Dkt. No. 73. Plaintiffs request that, "before converting the existing TRO into a preliminary injunction,[footnote] the Court order additional briefing limited to the issues raised in Plaintiffs' complaint and motion papers that the Court has not yet addressed." *Id.* at 2. Plaintiffs note that in issuing the TRO, the Court reserved ruling on the questions of whether the Rule violates the Regulatory Flexibility Act by failing to consider the impact on "small entities" and whether the Rule

improperly fails to include a federalism impact statement or certification. *Id.* Plaintiffs propose a briefing schedule, with page limits, for the issues that were not addressed in the ruling on the TRO. Defendants state that they "consent to the conversion of the TRO into a preliminary injunction, and so no further briefing is necessary." *Id.* at 3. They observe that the standards for issuing a TRO and a preliminary injunction are the same and that the TRO here already functionally operates as a preliminary injunction. *Id.* Defendants also state, "Nor does a party need to receive relief on all of its claims. A temporary restraining order or preliminary injunction on one ground suffices to enjoin the defendant's [sic] activity. Any additional arguments can be dealt with at the summary-judgment stage in this APA record-review case." *Id.*

Under these circumstances, where defendants do not oppose converting the TRO into a preliminary injunction, the Court finds that further briefing and argument on an unopposed preliminary injunction motion would be unnecessary and a waste of the parties' resources. The Court agrees with defendants that any issues left unresolved by the Court's prior order may be addressed on the merits later in this case.

**Accordingly, the Court hereby CONVERTS the TRO issued November 19, 2020, into a preliminary injunction.** *See* Dkt. No. 69. The Court **ENJOINS** Defendants and their officers, agents, servants, employees, and attorneys, and any other person or entity subject to their control or acting directly or indirectly in concert or participation with Defendants, from implementing or enforcing the rule titled Procedures for Asylum and Bars to Asylum Eligibility, 85 Fed. Reg. 67202 (Oct. 21, 2020). This injunction shall remain in effect pending the final disposition of this action.

The parties are directed to meet and confer regarding further dates and whether any discovery is needed. **The Court sets an initial case management conference for December 22, 2020, at 11:00 a.m.,** to be held over the Court's AT&T conference call line. The parties are directed to file a joint case management statement by December 15, 2020.

**IT IS SO ORDERED**.

Dated: November 24, 2020

SUSAN ILLSTON
United States District Judge

2