Naomi A. Igra, SBN 269095
naomi.igra@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: +1 415 772 1200
Facsimile: +1 415 772 7400

Sabrineh Ardalan (*pro hac vice*)
sardalan@law.harvard.edu
Philip L. Torrey (*pro hac vice*)
ptorrey@law.harvard.edu
HARVARD LAW SCHOOL
HARVARD IMMIGRATION AND REFUGEE
CLINICAL PROGRAM
6 Everett Street, WCC 3103
Cambridge, MA 02138
Telephone: +1 617 384 7504
Facsimile: +1 617 495 8595

Sirine Shebaya (*pro hac vice*)
sirine@nipnlg.org
NATIONAL IMMIGRATION PROJECT OF
THE NATIONAL LAWYERS GUILD
2201 Wisconsin Avenue N.W., Suite 200
Washington, D.C. 20007
Telephone: +1 202 656 4788
Facsimile: +1 617 227 5495

Leila Kang (*pro hac vice*)
leila@immdefense.org
IMMIGRANT DEFENSE PROJECT
40 W. 39th Street, Fifth Floor
New York, NY 10018
Telephone: +1 646 762 8428

*Attorneys for Plaintiffs*
(Additional counsel listed on signature page)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

| | |
|---|---|
| PANGEA LEGAL SERVICES, *et al.*, | Case No. 3:20-cv-07721-SI |
| Plaintiffs, | Assigned to Hon. Judge Susan Illston |
| v. | **ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED** |
| U.S. DEPARTMENT OF HOMELAND SECURITY *et al.*, | |
| Defendants. | |

ADMINISTRATIVE MOTION TO RELATE CASES
CASE NO. 3:20-CV-07721-SI

1  Plaintiffs respectfully submit that *Pangea Legal Services, et al. v. U.S. Department of Homeland Security, et al.*, Case No. 20-cv-09253-JD (N.D. Cal. Dec. 21, 2020) ("*Pangea II*"), be related to this case, *Pangea Legal Services, et al. v. U.S. Department of Homeland Security, et al.*, Case No. 3:20-cv-07721-SI ("*Pangea I*") under Local Civil Rule 3-12(b).

Local Civil Rule 3-12 provides that actions are related when: "(1) the actions concern substantially the same parties, property, transaction, or event; and (2) it appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different judges." Civil L.R. 3-12(a). *Pangea I* and *Pangea II* meet this standard.

The parties in *Pangea I* and *Pangea II* are identical. The two cases also raise some of the same issues, including 1) whether categorical and *de facto* asylum bars established by the Departments of Justice and Homeland Security ("Agencies") are contrary to law; 2) whether the Agencies' explanation for reversing longstanding precedent regarding availability of asylum is insufficient or contrary to evidence; 3) whether defendant Wolf's lacks authority to serve as the Acting Secretary of DHS under the Appointments Clause, Homeland Security Act, and the Federal Vacancies Reform Act; and 4) the whether a 30-Day notice and comment period is sufficient for substantial and complex asylum rules.

*Pangea I* alleges that the Agencies exceeded their authority and unlawfully issued a final rule that would impose new categorical bars to asylum eligibility based on convictions for, or mere suspicion of, minor criminal offenses (the "Criminal Bars Rule"). Plaintiffs allege that the Criminal Bars Rule was invalid because it: 1) conflicts with the governing provisions of the Immigration and Nationality Act ("INA") and the Administrative Procedures Act ("APA"); 2) is arbitrary and capricious; 3) did not satisfy the notice-and-comment requirements under the APA; 4) is invalid because defendant Chad Wolf lacked authority to issue the Rule under the Appointments Clause of the U.S. Constitution, the Homeland Security Act of 2002, and the Federal Vacancies Reform Act of 1998; 5) violates the Regulatory Flexibility Act; 6) violates the Fifth Amendment Due Process Clause; and 7) violates the Fifth Amendment right to Equal Protection.

*Pangea II* challenges a different rule, also issued by the Agencies, that similarly restricts the availability of asylum by, among other changes: 1) instituting *de facto* asylum bars; 2) requiring an immigration judge in some instances to pretermit and deny an asylum application without a hearing; 3) narrowing the definitions of "persecution," "particular social group," and "political opinion"; 4) revising the requirements for consideration of internal relocation, and; 5) redefining the firm resettlement bar (the "Omnibus Asylum Rule"). Although characterized as a "discretionary factor," one of these *de facto* bars effectively seeks to achieve the same outcome as the Criminal Bars—that is, to give effect to vacated, expunged or modified convictions even if they were vacated or modified for substantive or constitutional defects. 85 Fed. Reg. 80,274 at 80388, 80396-397 (Dec. 11, 2020) (requiring, absent extraordinary circumstances, the denial of an asylum application if the asylum seeker would "otherwise be subject to § 208.13(c) [or § 1208.13(c)] but for the reversal, vacatur, expungement, or modification of a conviction or sentence, unless the alien was found not guilty." *Id.* As in *Pangea I*, the plaintiffs in *Pangea II* allege that the Omnibus Asylum Rule is unlawful and invalid because it: 1) exceeds the Agencies' jurisdiction, authority or limitations under the INA and APA; 2) is arbitrary and capricious; 3) failed to satisfy APA notice-and-comment requirements; 4) was approved by defendant Wolf without authority; 5) violates the Regulatory Flexibility Act; and 6) violates the Fifth Amendment Due Process Clause.

Given the close relation between the two rules and the overlapping issues raised in both *Pangea I* and *Pangea II*, proceeding before two different judges would cause undue burden of labor and expense and may lead to conflicting results. For example, both cases require the Court to understand the mission and operations of the same plaintiffs as evidenced through plaintiffs' declarations. Both cases will also require the Court to analyze the underlying statutory scheme and its purpose. Relating the cases will be efficient because this Court has already reviewed plaintiff declarations that include background information about the plaintiff organizations and has also issued a detailed order addressing the statutory scheme at issue. Moreover, proceeding before two different judges could lead to conflicting results because *Pangea II* implicates concerns about

criminal bars to asylum similar to those this Court has already considered. The parties and the Court will thus benefit from many efficiencies if these matters are administratively related.

Therefore, Plaintiffs respectfully submit that the Court should relate *Pangea II* to this action. Pursuant to Civil Local Rule 7-11(a), Plaintiffs' counsel has reached out to Defendants' counsel to request consent to relate these cases, but have not received a position. Accordingly, as set forth in the accompanying Declaration of Naomi A. Igra, a stipulation could not be obtained.

Date: December 21, 2020

Sirine Shebaya (*pro hac vice*)
sirine@nipnlg.org
Cristina Velez
cristina@nipnlg.org (*pro hac vice*)
NATIONAL IMMIGRATION PROJECT
OF THE NATIONAL LAWYERS GUILD
2201 Wisconsin Avenue NW, Suite 200
Washington, D.C. 20007
Telephone: +1 202 656 4788

Sabrineh Ardalan (*pro hac vice*)
sardalan@law.harvard.edu
Philip L. Torrey (*pro hac vice*)
ptorrey@law.harvard.edu
Sameer Ahmed, SBN 319609
sahmed@law.harvard.edu
HARVARD LAW SCHOOL
HARVARD IMMIGRATION AND REFUGEE
CLINICAL PROGRAM
6 Everett Street, WCC 3103
Cambridge, MA 02138
Telephone: +1 617 384 7504

Leila Kang (*pro hac vice* forthcoming)
leila@immdefense.org
Nabilah Siddiquee (*pro hac vice* forthcoming)
nabilah@immdefense.org
IMMIGRANT DEFENSE PROJECT
40 W. 39th Street, Fifth Floor
New York, NY 10018
Telephone: +1 646 762 8428

*Attorneys for Plaintiffs*

/s/ Naomi Igra

Naomi Igra, SBN 269095
naomi.igra@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: +1 415 772 1200
Facsimile: +1 415 772 7400

Tobias S. Loss-Eaton
(*pro hac vice*)
tlosseaton@sidley.com
Chike B. Croslin (*pro hac vice*)
ccroslin@sidley.com
Alice Wang (*pro hac vice*)
alice.wang@sidley.com
SIDLEY AUSTIN LLP
1501 K Street NW
Washington, DC 20005
Telephone: +1 202 736 8000

Jack W. Pirozzolo (*pro hac vice*)
jpirozzolo@sidley.com
Ben Schwarz (*pro hac vice*)
bschwarz@sidley.com
Kenyon C. Hall (*pro hac vice*)
kenyon.hall@sidley.com
SIDLEY AUSTIN LLP
60 State Street, 36th Floor
Boston, MA 02109
Telephone: +1 617 223 0300

3
ADMINISTRATIVE MOTION TO RELATE CASES
CASE NO. 3:20-CV-07721-SI