Naomi A. Igra, SBN 269095
naomi.igra@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: +1 415 772 1200
Facsimile: +1 415 772 7400

Sabrineh Ardalan (*pro hac vice*)
sardalan@law.harvard.edu
Philip L. Torrey (*pro hac vice*)
ptorrey@law.harvard.edu
HARVARD LAW SCHOOL
HARVARD IMMIGRATION AND REFUGEE CLINICAL PROGRAM
6 Everett Street, WCC 3103
Cambridge, MA 02138
Telephone: +1 617 384 7504
Facsimile: +1 617 495 8595

Sirine Shebaya (*pro hac vice*)
sirine@nipnlg.org
NATIONAL IMMIGRATION PROJECT OF THE NATIONAL LAWYERS GUILD
2201 Wisconsin Avenue N.W., Suite 200
Washington, D.C. 20007
Telephone: +1 202 656 4788
Facsimile: +1 617 227 5495

Leila Kang (*pro hac vice*)
leila@immdefense.org
IMMIGRANT DEFENSE PROJECT
40 W. 39th Street, Fifth Floor
New York, NY 10018
Telephone: +1 646 762 8428

*Attorneys for Plaintiffs*
(Additional counsel listed on signature page)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

| | |
|---|---|
| PANGEA LEGAL SERVICES, *et al.*,<br>             Plaintiffs,<br>        v.<br>U.S. DEPARTMENT OF HOMELAND SECURITY *et al.*,<br>             Defendants. | Case No. 3:20-cv-07721-SI<br>Assigned to Hon. Judge Susan Illston<br><br>**DECLARATION OF NAOMI A. IGRA IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED** |

I, Naomi A. Igra, declare as follows:

1. I am an attorney licensed to practice law in all the courts of the State of California. I am an associate at the law firm of Sidley Austin LLP, counsel of record for Plaintiffs Pangea Legal Services ("Pangea"), Dolores Street Community Services, Inc. ("DSCS"), Catholic Legal Immigration Network, Inc. ("CLINIC"), and Capital Area Immigrants' Rights Coalition ("CAIR Coalition") in this case. This declaration is submitted in support of Plaintiffs' Administrative Motion to Consider Whether Cases Should be Related. The facts set forth in this declaration are within my personal knowledge. If called as a witness, I could and would competently testify as follows.

2. Pursuant to Civil Local Rule 7-11(a), on Friday, December 18, 2020, co-counsel for the Plaintiffs, Tobias Loss-Eaton, e-mailed counsel for Defendants, Erez Reuvani, informing him that Plaintiffs were planning to file a separate lawsuit challenging another rule issued by Plaintiffs, *Procedure for Asylum and Withholding of Removal; Credible Fear and Reasonable Fear Review*, 85 Fed. Reg. 80,274 (Dec. 11, 2020) (the "Omnibus Asylum Rule"), that Plaintiffs would be filing an Administrative Motion to Consider Whether Cases Are Related, and asking if Mr. Reuvani would consent to the Administrative Motion.

3. Mr. Reuvani responded by email the same day stating that "[s]ince no one at DOJ is assigned to this matter, as it has not yet been filed you should direct this inquiry to the USAO in San Francisco. The may or may not handle the case but will ultimately put you in touch with who will."

4. Mr. Loss-Eaton replied the same day and again asked for Mr. Reuvani's position on the Administrative Motion.

5. Mr. Reuvani responded by email, in which he stated: "Until we see the complaint we can't say one way or another. If you need a position now we oppose. But feel free to revisit with us once you actually file the new case."

6. Also on Friday, December 18, 2020, I emailed Sara Winslow, Chief of the Civil Division for the U.S. Attorney's Office in San Francisco, informing her of Plaintiffs' anticipated complaint and motion to relate the cases.

7. Ms. Winslow responded by email, in which he stated: "While I expect this case to be handled by Main Justice, we likely won't know for sure until we see the complaint. Once you file, please email me your papers."

8. On Monday, December 21, 2020, Plaintiffs filed a complaint challenging the Omnibus Asylum Rule in the Norther District of California. *See Pangea Legal Services, et al. v. U.S. Dep't of Homeland Security, et. al.*, 3:20-cv-09253-JD.

9. On Monday, December 21, 2020, I emailed a copy of the complaint to Ms. Winslow and asked for her assistance in contacting the Department of Justice personnel who would be handling the new case "so we can inform the court of DOJ's position on whether the two cases should be related. We plan to file a motion to relate the cases today."

10. Ms. Winslow responded the same day but did not offer a position. She stated: "We'll be in touch once we know which office will be handling the case for the government."

11. Also on Monday, December 21, 2020, Mr. Loss-Eaton emailed Mr. Reuvani again, providing a copy of the filed complaint in 3:20-cv-09253-JD and requesting is view on the Administrative Motion. At the time of filing this motion, Mr. Reuvani has not responded.

12. Because Plaintiffs have not received a position from Defendants' counsel on the Administrative Motion, a stipulation could not be obtained.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on this 21st day of December, 2020, at Sacramento, California.

*/s/ Naomi A. Igra*

Naomi A. Igra