JENNIFER C. PIZER (SBN 152327)
jpizer@lambdalegal.org
LAMBDA LEGAL DEFENSE AND
　EDUCATION FUND, INC.
4221 Wilshire Boulevard, Suite 280
Los Angeles, California 90010
Telephone: (213) 590-5903

OMAR GONZALEZ-PAGAN*
ogonzalez-pagan@lambdalegal.org
RICHARD SAENZ*
rsaenz@lambdalegal.org
LAMBDA LEGAL DEFENSE AND
　EDUCATION FUND, INC.
120 Wall Street, 19th Floor
New York, New York 10005
Telephone: (212) 809-8585

BRIDGET CRAWFORD*
bcrawford@immigrationequality.org
IMMIGRATION EQUALITY
594 Dean Street
Brooklyn, New York 11238
Telephone: (212) 714-2904

JEFFREY S. TRACHTMAN*
jtrachtman@kramerlevin.com
AARON M. FRANKEL*
afrankel@kramerlevin.com
JASON M. MOFF*
jmoff@kramerlevin.com
CHASE MECHANICK*
cmechanick@kramerlevin.com
KRAMER LEVIN NAFTALIS &
　FRANKEL LLP
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100

AUSTIN MANES (SBN 284065)
amanes@kramerlevin.com
KRAMER LEVIN NAFTALIS &
　FRANKEL LLP
990 Marsh Road
Menlo Park, California 94025
Telephone: (650) 752-1718

* Application for admission *pro hac vice*
forthcoming.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMMIGRATION EQUALITY; OASIS LEGAL SERVICES; THE TRANSLATIN@ COALITION; BLACK LGBTQIA+ MIGRANT PROJECT; TRANSGENDER LAW CENTER,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY; PETE GAYNOR, in his official capacity, if any, as Acting Secretary of the Department of Homeland Security; CHAD F. WOLF, in his official capacity, if any, as Acting Secretary of the Department of | Case No.: 3:20-cv-09258 *(Filed in the earlier matter, 3:20-cv-07721-SI, and lodged in the instant-captioned matter)*<br><br>**PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED UNDER CIVIL L.R. 3-12. [Civil L.R. 7-11]** |

Homeland Security; U.S. DEPARTMENT OF JUSTICE; WILLIAM P. BARR, in his official capacity as United States Attorney General; EXECUTIVE OFFICE FOR IMMIGRATION REVIEW; JAMES MCHENRY, in his official capacity as Director of the Executive Office for Immigration Review; U.S. CITIZENSHIP AND IMMIGRATION SERVICES; KENNETH T. CUCCINELLI, in his official capacity as an Agent of the Department of Homeland Security,

Defendants.

Pursuant to Civil Local Rules 3-12 and 7-11, Plaintiffs Immigration Equality, Oasis Legal Services, The TransLatin@ Coalition, Black LGBTQIA+ Migrant Project, and Transgender Law Center (collectively, "Plaintiffs"), respectfully submit this Administrative Motion to Consider Whether Cases Should Be Related. The above-captioned case, *Immigration Equality v. U.S. Department of Homeland Security* ("Later Case") is related as defined by Civil Local Rule 3-12(a) to the earlier-filed case *Pangea Legal Services v. U.S. Department of Homeland Security*, Case No. 20-cv-07721-SI (N.D. Cal., filed November 2, 2020) ("Earlier Case"). *Compare* Earlier Case at Dkt. No. 1 ("Pangea Complaint") *and* Later Case at Dkt. No. 1 ("Imm. Eq. Complaint").

These cases are related because they concern many of the same defendants, as well as similar plaintiffs, subject matter, and legal issues. *See* Civil L.R. 3-12(a)(1)-(2) (assigning cases as related when claims in one action "concern substantially the same parties, property, transaction or event" as earlier-filed lawsuit). Moreover, "[i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." *See id.*

These cases were filed less than two months apart and have substantial overlap in parties, subject matter, and legal issues. *See* Declaration of Jennifer C. Pizer ("Pizer Decl.") filed herewith, ¶ 2, Ex. 1). The majority of the defendants in each case are the same, including the Department of Homeland Security, Department of Justice, Executive Office for Immigration Review, and U.S. Citizenship and Immigration Services; in total, seven of the nine defendants in the Later Case comprise seven of the eleven defendants in the Earlier Case. All of the defendants in both cases are federal agencies or officials responsible for regulating and enforcing immigration law. Both cases seek to prevent these defendants from enforcing sweeping new changes made by the outgoing presidential administration to asylum regulations implementing the Immigration and Nationality Act. *See* Pizer Decl. ¶ 4, Ex. 2.

Moreover, Plaintiffs in both cases are similarly situated. Both cases were filed by non-profit organizations dedicated to helping immigrants seek refuge from persecution through asylum or other admission to this country. Pangea Complaint at 6-7; Imm. Eq. Complaint at 10-17. Plaintiffs in both

1

cases assert organizational standing based on frustration of purpose, diversion of resources, and harm to funding. Pangea Complaint at 26-30; Imm. Eq. Complaint at 105-114. Plaintiffs in both cases also assert standing on behalf of their individual clients and members, many of whom are similarly situated as asylum seekers or members of other vulnerable immigrant groups. Pangea Complaint at 1, 27-35; Imm. Eq. Complaint at 9-11, 105.

With respect to the other similarities between the Earlier and Later Cases, both cases involve recent changes made to the same sections of Defendants' regulations, 8 C.F.R. §§ 208 and 1208, which govern the procedures for asylum and bars to asylum eligibility. Pangea Complaint at 31, 34-35; Imm. Eq. Complaint at 5. Both cases assert that Defendants' asylum rules are arbitrary and capricious under the Administrative Procedure Act because the defendants *inter alia* (1) failed to consider important aspects of problems inherent to immigration law or adequately respond to comments and data regarding asylum and immigration, (2) depart from the same longstanding immigration practices without a sufficient basis, and (3) failed to provide enough opportunity for public comment. Pangea Complaint at 3-4; Imm. Eq. Complaint at 6-8. Additionally, both cases seek to invalidate the asylum rules at issue on the exact same ground: Because Defendant Chad Wolf lacked authority to issue the rules as he unlawfully assumed the role of Acting Secretary of Homeland Security in violation of statutory law and the Appointments Clause of the Constitution. Pangea Complaint at 4; Imm. Eq. Complaint at 8. And both cases argue that the Defendants' asylum rules violate the due process rights of their members. Pangea Complaint at 4; Imm. Eq. Complaint at 7.

For these reasons, "[i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Local Civil Rule 3-12. In short, both cases seek immediate and permanent injunctive relief, in the form of a temporary restraining order, preliminary injunction, or stay under 5 U.S.C. § 705 – of many of the same regulations for many of the same reasons. Pangea Complaint at 1-4, 26-35; Imm. Eq. Complaint at 8. This Court already heard argument and ruled on the immediate injunctive relief sought in the Earlier Case, and there is likely to be substantial overlap between the issues considered there and the same four factors governing immediate injunctive relief in the Later Case.

2

PLAINTIFFS' ADMIN. MOTION  Case No.: 3:20-cv-09258
TO CONSIDER RELATED CASES

Thus, Plaintiffs respectfully request that the Court deem these cases related and assign the Later Case to Judge Illston under Civil Local Rule 3-12.

Respectfully submitted,

| | |
|---|---|
| DATED: December 21, 2020 | By: */s/ Austin Manes* <br> Austin Manes |

| | |
|---|---|
| JENNIFER C. PIZER (SBN 152327) <br> *jpizer@lambdalegal.org* <br> LAMBDA LEGAL DEFENSE AND <br>     EDUCATION FUND, INC. <br> 4221 Wilshire Boulevard, Suite 280 <br> Los Angeles, California 90010 <br> Telephone: (213) 590-5903 | AUSTIN MANES (SBN 284065) <br> *amanes@kramerlevin.com* <br> KRAMER LEVIN NAFTALIS & <br>     FRANKEL LLP <br> 990 Marsh Road <br> Menlo Park, California 94025 <br> Telephone: (650) 752-1718 |
| OMAR GONZALEZ-PAGAN* <br> *ogonzalez-pagan@lambdalegal.org* <br> RICHARD SAENZ* <br> *rsaenz@lambdalegal.org* <br> LAMBDA LEGAL DEFENSE AND <br>     EDUCATION FUND, INC. <br> 120 Wall Street, 19th Floor <br> New York, New York 10005 <br> Telephone: (212) 809-8585 | JEFFREY S. TRACHTMAN* <br> *jtrachtman@kramerlevin.com* <br> AARON M. FRANKEL* <br> *afrankel@kramerlevin.com* <br> JASON M. MOFF* <br> *jmoff@kramerlevin.com* <br> CHASE MECHANICK* <br> *cmechanick@kramerlevin.com* <br> KRAMER LEVIN NAFTALIS & <br>     FRANKEL LLP <br> 1177 Avenue of the Americas <br> New York, New York 10036 <br> Telephone: (212) 715-9100 |
| BRIDGET CRAWFORD* <br> *bcrawford@immigrationequality.org* <br> IMMIGRATION EQUALITY <br> 594 Dean Street <br> Brooklyn, New York 11238 <br> Telephone: (212) 714-2904 | * Application for admission *pro hac vice* forthcoming. <br><br> *Counsel for Plaintiffs* |

3

PLAINTIFFS' ADMIN. MOTION　　　　　　　　　　　　　　　　Case No.: 3:20-cv-09258
TO CONSIDER RELATED CASES