Naomi A. Igra, SBN 269095
naomi.igra@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: +1 415 772 1200
Facsimile: +1 415 772 7400

Sabrineh Ardalan (*pro hac vice*)
sardalan@law.harvard.edu
Philip L. Torrey (*pro hac vice*)
ptorrey@law.harvard.edu
HARVARD LAW SCHOOL
HARVARD IMMIGRATION AND REFUGEE
CLINICAL PROGRAM
6 Everett Street, WCC 3103
Cambridge, MA 02138
Telephone: +1 617 384 7504
Facsimile: +1 617 495 8595

Sirine Shebaya (*pro hac vice*)
sirine@nipnlg.org
NATIONAL IMMIGRATION PROJECT OF
THE NATIONAL LAWYERS GUILD
2201 Wisconsin Avenue N.W., Suite 200
Washington, D.C. 20007
Telephone: +1 202 656 4788
Facsimile: +1 617 227 5495

Leila Kang (*pro hac vice*)
leila@immdefense.org
IMMIGRANT DEFENSE PROJECT
40 W. 39th Street, Fifth Floor
New York, NY 10018
Telephone: +1 646 762 8428

*Attorneys for Plaintiffs*
(Additional counsel listed on signature page)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

| | |
|---|---|
| PANGEA LEGAL SERVICES, *et al.*, | Case No. 3:20-cv-07721-SI |
| Plaintiffs, | Assigned to Hon. Judge Susan Illston |
| v. | **REPLY IN SUPPORT OF ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED** |
| U.S. DEPARTMENT OF HOMELAND SECURITY *et al.*, | |
| Defendants. | |

Plaintiffs filed an administrative motion to alert this Court that a case with identical parties and similar claims had been filed. *See* Administrative Motion to Consider Whether Cases Should Be Related ("Motion"), ECF Dkt. No. 84.

The Government lumped this motion in with a different motion, filed by different parties, and opposed both simultaneously. *See* Defendants' Opposition to Plaintiffs' Motion to Relate Cases ("Opp."), ECF Dkt. No. 86. This omnibus opposition clouds the clear issues here: As the Government concedes, the key claims in *Pangea I* and *Pangea II*, brought by the same plaintiffs against the same defendants based on the same statutes, are similar or identical. To deny this motion, as the Government urges, would likely force another Judge of this Court to come quickly up to speed, over the holidays, on issues, parties, and law that this Court has already invested significant time and effort studying and considering.

The Government concedes that the Plaintiffs in *Pangea I* and *Pangea II* are the same. Opp. at 1. Defendants are also identical in these cases. And as the Government's arguments show, the key issues overlap significantly.

The Government summarizes Plaintiffs' arguments in *Pangea I* this way: "Plaintiffs in this action allege that this rule violates the APA because it: (1) is inconsistent with 8 U.S.C. § 1158(b)(2)(A) (the part of the asylum statute that erects several categorical bars to asylum eligibility) and with 8 U.S.C. § 1158(b)(2)(C) (which authorizes the Departments to adopt more bars that are "consistent with" the asylum statute), (2) is unconstitutionally vague in some parts, (3) is arbitrary and capricious under the APA, 5 U.S.C. § 706(2)(A), and (4) is procedurally deficient because it was adopted without sufficient opportunity for public comment, does not analyze its impacts on federalism as required by Executive Order No. 13132, and does not comply with the Regulatory Flexibility Act (RFA)." Opp. at 2. Likewise, *Pangea II* alleges that the Rule challenged there violates the APA because it, among other things: (1) is inconsistent with the Immigration and Nationalization Act, (2) is arbitrary and capricious under the APA, (3) is procedurally deficient because it was adopted without sufficient opportunity for public comment, and (4) does not comply with the Regulatory Flexibility Act (RFA). Motion at 1.

1

REPLY ISO ADMINISTRATIVE MOTION TO RELATE CASES
CASE NO. 3:20-CV-07721-SI

These four claims—which the Government recognizes as the key arguments in this action, Opp. at 2—are similar if not identical between the two cases. They thus involve the same complex area of law with which this Court has already engaged. Other overlaps, such as whether Defendant Wolf lacks authority to serve as the Acting Secretary of DHS, are detailed in the Motion. Motion at 1–3. In addition, this Court has already reviewed declarations from these Plaintiffs and is familiar with the types of harm to budget and mission that Plaintiffs face if the number of people eligible for asylum is reduced by regulation. These harms—occurring in the same way to the same Plaintiffs—support standing in both cases.

Defendants released the Rule challenged in *Pangea II* on December 11, 2020, and unless enjoined it will be effective January 11, 2021. 85 Fed. Reg. 80274. In the rush to have the rule become effective before the new administration takes office on January 20, 2021, Defendants have left Plaintiffs in *Pangea II* with no choice other than to file a motion for a Temporary Restraining Order which will be briefed over the holidays. Contrary to Defendants' suggestion of forum shopping (Opp. at 5), Plaintiffs are prepared to proceed before any Judge in this District and understand that, given the timing forced by Defendants' choice of a 30-day effective date, they may proceed before the Duty Judge in any event. However, given the substantial effort this Court and its staff have already invested to gain familiarity and facility with the claims and issues in this case, finding the cases related would avoid duplication of effort and maximize judicial economy. Avoiding such duplication is the very reason the Local Rule mandated Plaintiffs to file the Motion in the first place.

Respectfully Submitted,

| | |
|---|---|
| Date: December 23, 2020 | */s/ Naomi Igra* |
| | |
| Sirine Shebaya (*pro hac vice*) | Naomi Igra, SBN 269095 |
| sirine@nipnlg.org | naomi.igra@sidley.com |
| Cristina Velez | SIDLEY AUSTIN LLP |
| cristina@nipnlg.org (*pro hac vice*) | 555 California Street, Suite 2000 |
| NATIONAL IMMIGRATION PROJECT | San Francisco, CA 94104 |
| OF THE NATIONAL LAWYERS GUILD | Telephone: +1 415 772 1200 |
| 2201 Wisconsin Avenue NW, Suite 200 | Facsimile: +1 415 772 7400 |
| Washington, D.C. 20007 | |
| Telephone: +1 202 656 4788 | Tobias S. Loss-Eaton |
| | (*pro hac vice*) |
| Sabrineh Ardalan (*pro hac vice*) | tlosseaton@sidley.com |
| sardalan@law.harvard.edu | Chike B. Croslin (*pro hac vice*) |
| Philip L. Torrey (*pro hac vice*) | ccroslin@sidley.com |
| ptorrey@law.harvard.edu | Alice Wang (*pro hac vice*) |
| Sameer Ahmed, SBN 319609 | alice.wang@sidley.com |
| sahmed@law.harvard.edu | SIDLEY AUSTIN LLP |
| HARVARD LAW SCHOOL | 1501 K Street NW |
| HARVARD IMMIGRATION AND REFUGEE | Washington, DC 20005 |
| CLINICAL PROGRAM | Telephone: +1 202 736 8000 |
| 6 Everett Street, WCC 3103 | |
| Cambridge, MA 02138 | Jack W. Pirozzolo (*pro hac vice*) |
| Telephone: +1 617 384 7504 | jpirozzolo@sidley.com |
| | Ben Schwarz (*pro hac vice*) |
| Leila Kang (*pro hac vice* forthcoming) | bschwarz@sidley.com |
| leila@immdefense.org | Kenyon C. Hall (*pro hac vice*) |
| Nabilah Siddiquee (*pro hac vice* forthcoming) | kenyon.hall@sidley.com |
| nabilah@immdefense.org | SIDLEY AUSTIN LLP |
| IMMIGRANT DEFENSE PROJECT | 60 State Street, 36th Floor |
| 40 W. 39th Street, Fifth Floor | Boston, MA 02109 |
| New York, NY 10018 | Telephone: +1 617 223 0300 |
| Telephone: +1 646 762 8428 | |
| | |
| *Attorneys for Plaintiffs* | |

3

REPLY ISO ADMINISTRATIVE MOTION TO RELATE CASES
CASE NO. 3:20-CV-07721-SI