JEFFREY BOSSERT CLARK
*Acting Assistant Attorney General*
WILLIAM C. PEACHEY
*Director*
EREZ REUVENI
*Assistant Director*
CHRISTINA P. GREER
*Senior Litigation Counsel*
Office of Immigration Litigation
U.S. Department of Justice, Civil Division
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel: (202) 598-8770
Email: Christina.P.Greer@usdoj.gov
PATRICK GLEN
*Senior Litigation Counsel*
CRAIG NEWELL
*Trial Attorney*

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Pangea Legal Services, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civil Action No. 3:20-cv-7721 |
| | ) |
| U.S. Dept. of Homeland Security, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' UNOPPOSED EMERGENCY MOTION TO STAY PROCEEDINGS**

Defendants hereby move to stay district court proceedings in this case pending resolution of Defendants' appeal. By email dated December 23, 2020, counsel for Plaintiffs represented that they consent to this motion provided that the existing injunction remains in place and reserve the right, if the injunction is stayed, lifted, or modified by any court, to ask the district court to end the stay and move forward on the merits.

On December 23, 2020, Defendants filed a notice of appeal from this Court's preliminary injunction order. ECF 88. Currently, a case management statement is due by January 15, 2021, a case management conference is set for January 22, 2021, and Defendants' answer or other responsive pleading is due February 3, 2020. Defendants also respectfully request a stay of deadlines pending a ruling on this motion.

Staying the case would promote the orderly course of justice. As explained below, further proceedings in the Ninth Circuit are likely to provide substantial guidance to this Court and the parties in resolving this case. Proceeding in the absence of that guidance would be inefficient and waste the resources of the Court and the parties. Plaintiffs will not be harmed by a stay while the Ninth Circuit resolves an appeal in this case, as the Court's preliminary injunction prevents the rule from going into effect.

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). The Ninth Circuit has described factors that should be considered when evaluating a motion to stay proceedings:

> Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed. Among these competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). All three factors warrant a stay of district court proceedings in this case pending resolution of the appeal.

*First*, a stay would serve "the orderly course of justice" by "simplifying" or resolving central and potentially dispositive issues in this litigation. *Id.* The Ninth Circuit's decision could

materially affect how this case proceeds in this Court. This Court held that the Plaintiffs were likely to succeed on their claims that the Rule is contrary to statute as a matter of law, that the Rule is arbitrary and capricious, and that the notice-and-comment process was deficient. *See* Order Granting Temporary Restraining Order, ECF 69; Order Converting Temporary Restraining Order into a Preliminary Injunction, ECF 74. All of those issues are before the Ninth Circuit, and any legal questions that the Ninth Circuit decides at the preliminary-injunction stage will bind this Court. The Ninth Circuit could thus definitively resolve critical legal issues in this case.

A stay may be warranted when a case "presents an issue of pure statutory interpretation" and is "an administrative record case," *East Bay Sanctuary Covenant v. Trump*, 4:18-cv-6810, ECF 113 (N.D. Cal. Mar. 5, 2019), that presents "serious legal questions on appeal," *Todd v. Tempur-Sealy Int'l, Inc.*, No. 13-CV-04984-JST, 2016 WL 6082413, at *1 (N.D. Cal. Oct. 18, 2016) (internal quotation marks and citation omitted). That is the situation here, where the administrative record is before the Ninth Circuit, the appeal includes issues of statutory interpretation, and there are important and serious questions on appeal. *See Innovation Law Lab v. Nielsen*, No. 19-cv-807-RS, ECF 94 (N.D. Cal. July 15, 2019) (granting stay pending resolution of preliminary-injunction appeal for judicial efficiency reasons); *United States v. California*, No. 2:18-cv-490, ECF 214 (E.D. Cal. Oct. 19, 2018) (granting a stay of proceedings in district court pending the resolution of an appeal of a preliminary ruling when the appeal would likely resolve several legal questions before the court); *Washington v. Trump*, No. 17-cv-141, ECF 189 (W.D. Wash. May 17, 2017) (granting a stay when the Ninth Circuit was considering a preliminary injunction appeal in a case challenging the same action); *Texas v. United States*, No. 1:14-cv-254, ECF 271 (S.D. Tex. June 11, 2015) (granting a stay of district court proceedings pending a preliminary injunction appeal of Administrative Procedure Act claims); *cf. United States v. Real Prop. & Improvements Located at 2441 Mission St., San Francisco, Ca.*, No. C 13-2062 SI, 2014 WL 1350914, at *4 & n.3 (N.D. Cal. Apr. 4, 2014) (Illston, J.) (granting a stay of proceedings during an interlocutory appeal where "resolution of the issue will likely alter the direction of the current proceedings, and a stay would promote efficiency and economy of time for the Court and the litigants").

A stay would also serve "the orderly course of justice" by preserving judicial resources. *CMAX, Inc.*, 300 F.2d at 268. Any deadlines set before the Ninth Circuit renders its decision would be premature and may need reconsideration in light of that decision.

*Second*, a stay will eliminate the "hardship and inequity" that the parties would otherwise suffer in "being required to go forward" without guidance from the Ninth Circuit. *CMAX, Inc.*, 300 F.2d at 268. Just as the Court would devote time and resources to proceeding, so too the parties would devote their own resources to litigating issues that may ultimately be mooted or clarified by the Ninth Circuit's decision.

*Third*, Plaintiffs will not suffer any harm from a stay of the case, as the Court's preliminary injunction prevents the Rule from going into effect indefinitely. Plaintiffs' legal situation will remain unchanged during a stay.

*Finally*, a stay is in the public interest because it preserves resources for all parties, including public resources.

For the foregoing reasons, this Court should stay this case pending resolution of the appeal, and stay the outstanding deadlines in this case pending a ruling on this motion.

//
//
//
//
//
//
//
//
//
//
//
//
//

                    Respectfully submitted,

                    JEFFREY BOSSERT CLARK
                    Acting Assistant Attorney General

                    WILLIAM C. PEACHEY
                    Director

                    EREZ REUVENI
                    Assistant Director

By: */s/ Christina P. Greer*
    CHRISTINA P. GREER
    Senior Litigation Counsel
    Office of Immigration Litigation
    U.S. Department of Justice, Civil Division
    P.O. Box 868, Ben Franklin Station
    Washington, DC 20044
    Tel: (202) 598-8770
    Email: Christina.P.Greer@usdoj.gov

    PATRICK GLEN
    Senior Litigation Counsel

    CRAIG NEWELL
    Trial Attorney

Dated: December 23, 2020        *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

    I hereby certify that on December 23, 2020, I electronically filed the foregoing document with the Clerk of the Court for the United States Court of for the Northern District of California by using the CM/ECF system. Counsel in the case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

                    By: */s/ Christina P. Greer*
                          CHRISTINA P. GREER
                          Senior Litigation Counsel
                          United States Department of Justice
                          Civil Division